**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

DENNIS JAMES SMITH, SR.
ADC #120631                                                                                PLAINTIFF

v.                                          2:22-cv-00081-BSM-JJV

CALVIN ARNETT; *et al.*                                                      DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

      The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

      Dennis James Smith, Sr. ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction.   In May 2022, he filed a virtually incomprehensible Complaint raising numerous unrelated civil rights claims under 42 U.S.C. § 1983 and possibly a request for habeas relief under 28 U.S.C. § 2254.   (Doc. 1.)   The Complaint was so confusing that the Western District of Arkansas did not know who to list as defendants before it transferred the case here, where venue is appropriate.   (*Id.*)

      On May 24, 2022, I: (1) explained to Plaintiff why his Complaint failed to plead plausible and properly joined § 1983 claims, (2) described the difference between § 1983 and § 2254 habeas

claims, (3) gave him basic instructions on how to properly plead proper claims, (4) provided him with forms to file either action, and (5) cautioned him I would recommend dismissal if he did not file an § 1983 Amended Complaint or a § 2254 habeas petition containing plausible claims.   (Doc. 5.)    I also advised Plaintiff his new pleading would render the Complaint meaningless and that I would not piece together his allegations from separate documents.   (*Id.*)   Plaintiff has recently filed a § 1983 Amended Complaint.   (Doc. 6.)   After careful consideration and for the following reasons, I recommend it be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, a § 1983 action can only be brought for a violation of a federal statutory or constitutional right.   42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).   Plaintiff's allegations continue to be vague, conclusory, and extremely difficult to decipher.   For instance, Plaintiff begins his Amended Complaint by saying:

> I send things to the law library for [illegible words] copies. Ain't got it back yet. I wrote it up bye. [Illegible word ] Watson informal resolution to fix the problems. But I never got a response back yet. That's why I am back here sweating! Unconstitutional. Over a book, that, I didn't tare [sic] up.   And her husband. The telephone is turn off, so I can't report it. The outside courts could be the only one to stop this abusement [sic]. So to look up these things. To bring my understanding up in law. So I no what to say in my defense! I have been writing other places to get assistance. But they're still trying to put stumbling blocks in the way. And God is all knowing!

(Doc. 6 at 1.)   Plaintiff has not satisfied the basic pleading requirements by explaining what constitutional right or statute has been violated, who allegedly did so, and how he was harmed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," "a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; to state a claim a prisoner must plead "that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). And, to the extent he is challenging the way his informal resolution was processed, it is well settled that prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)*; Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, these vague allegations do not state a plausible claim.

Second, Plaintiff says:

> And he is a Just God with plenty of mercy. To have them to let recorders be reviewed show I been withheld in prisoner bye Head Directors Dexter Payne, Vickey Haycox, Wardens here Johnson, G. Lay, Richardson, Attorney Gary Wayne Potts. . . . Sent me a self address envelopes to be notary public to be signature off on. And be sent back to him. And I did . When I got back here in early part! 2003. I recieve! my transcripts of 3 books no life sentences! of CR-2000-123 drew county 30 years, CR-2001-1072(ee) Desha County 20 years.

(*Id*. at 1-2) (addresses and phone numbers omitted) (emphasis in the original.) Plaintiff also refers to his state sentences throughout the remainder of the Amended Complaint. As explained in my prior Order, if Plaintiff is attempting to challenge the legality of his state convictions or sentences, he must do so by filing a § 2254 habeas petition after fully and properly exhausting his available remedies in state court. *See* 28 U.S.C. § 2254; *Muhammad v. Close*, 540 U.S. 749, 750 (2004). *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff has chosen not to do so, and he cannot bring these claims in a § 1983 action.

Third, Plaintiff says Captain Marcus Etherly did not let him make an unspecified "legal phone call" and mocked him. But Plaintiff has not explained how he was injured by the inability to make that phone call. *See Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015) (to plead a plausible access to the courts claim, there must be an "actual injury" which is defined as "actual

3

prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"); *Cross v. Fox,* 23 F.4th 797, 800 (8th Cir. 2022) (to establish standing, a plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action" and the injury will be redressed by a favorable judgment").   And name calling, vulgar language, and verbal harassment by prison officials does not rise to the level of a constitutional violation.   *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001).   Finally, it appears Plaintiff may be alleging Captain Etherly stole money him.   Because Plaintiff has the available state remedy of filing a claim against Captain Etherly with the Arkansas Claims Commission, he has not pled a plausible due process claim regarding that alleged theft.   *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion).   For these reasons, I conclude Plaintiff has not pled a plausible claim for relief.

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     This case be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     The Court recommend that, in the future, dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

DATED this 22nd day of June 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

who must determine if the prisoner is barred from proceeding *in forma pauperis.*